**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CESAR ALBERTO BARRIENTOS AREVALO,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2192-J** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Cesar Alberto Barrientos Arevalo, a citizen of Mexico proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA").

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is a citizen of Mexico who entered the United States without inspection when he was approximately one year old and has lived in Texas for about 27 years. (Doc. 1, at 7; Doc. 8, at Ex. 2, at 1).

- Petitioner alleges he was detained following a traffic stop in Texas. (Doc. 1, at 2, 6). On July 22, 2026, ICE issued a Warrant for Arrest of Alien, which was served on Petitioner in Dallas, Texas, that same day. (Doc. 8, at Ex. 1).

- Also on July 22, 2026, ICE placed Petitioner in removal proceedings through issuance of a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled. (Doc. 8, at Ex. 2, at 1).

- Petitioner alleges, and Respondents do not contest, that he has not been provided with a bond hearing. (Doc. 1, at 3, 6).

- Petitioner's removal proceedings are ongoing, and he is not subject to a final order of removal. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 26, 2026).

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. He is being detained without a bond hearing or the opportunity to appear before an immigration judge. (Doc. 1, at 6).

2. His continued detention violates due process. (*Id.*)

3. His detention began after an unlawful traffic stop. (*Id.*)

4. He was brought to the United States as a young child, and the United States is his home. (*Id.* at 7).

As relief, Petitioner requests that the Court review the legality of his detention and order his release or an opportunity for release. (*Id.* at 3, 7).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they acknowledge that this matter is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 8, at 1 & n.2). "Respondents request that any order be limited to ordering the Respondents to provide a bond hearing within seven days" and also be limited to Petitioner's statutory claim. (*Id.* at 2).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's due process claim, particularly as it would result in the same relief.[3] *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order

[3] Nor is Petitioner entitled to release based on the circumstances of his arrest. (Doc. 1, at 2, 6). Under § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Respondents submitted a Warrant for Arrest of Alien issued and served on July 22, 2026, reflecting an administrative determination that Petitioner is removable. (Doc. 8, at Ex. 1). And to the extent Petitioner challenges the traffic stop that preceded his transfer to ICE custody, "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *see also Singh v. Mullin*, No. CIV-26-1733-PRW, 2026 WL 3078599, at *4 (W.D. Okla. Sept. 30, 2026) (rejecting a request for release based on a warrantless-arrest theory where respondents produced an administrative warrant and the petitioner challenged the preceding traffic stop), *adopted*, 2026 WL 3079034 (W.D. Okla. Oct. 14, 2026).

Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by November 2, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[4] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 26th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").