**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CESAR ALBERTO BARRIENTOS AREVALO, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-2192-J |
| MARKWAYNE MULLIN, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Cesar Alberto Barrientos Arevalo, a Mexican citizen, entered the United States approximately twenty-seven years ago. In July 2026, he was detained by Immigration and Customs Enforcement (ICE) and placed into removal proceedings. Petitioner has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging that detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven days or otherwise release him. (Rep. & Rec.) [Doc. No. 9]. Respondents filed a timely objection, [Doc. No. 10], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In relevant part, Judge Maxfield concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 3-4. Respondents object to the § 1226(a) classification but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) applies. [Doc. No. 24].

In *Quiroz*, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Accordingly, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.[1]

For the reasons above, the Report and Recommendation [Doc. No. 9] is ADOPTED. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 3rd day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] In line with Judge Maxfield, the Court declines to address Petitioner's remaining arguments.